IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

INTELLECTUAL VENTURES I LLC and )
INTELLECTUAL VENTURES II LLC, )
                                                   )
           Plaintiffs, )
                                                   ) Civ. No. 13-453-SLR
  v. )

TOSHIBA CORPORATION, TOSHIBA )
AMERICA, INC., TOSHIBA AMERICA )
ELECTRONIC COMPONENTS, INC., and )
TOSHIBA AMERICA INFORMATION )
SYSTEMS, INC., )
                                                   )
           Defendants. )

Brian Farnan, Esquire of Farnan LLP, Wilmington, Delaware. Counsel for Plaintiffs. Of Counsel: John M. Desmarais, Esquire and Jon T. Hohenthaner, Esquire of Desmarais LLP.

Denise S. Kraft, Esquire and Brian A. Biggs, Esquire of DLA Piper LLP, Wilmington, Delaware. Counsel for Defendants. Of Counsel: Mark D. Fowler, Esquire, Alan Limbach, Esquire, Timothy Lohse, Esquire, Aaron Wainscoat, Esquire, Carrie L. Williamson, Esquire, Saori Kaji, Esquire, Katherine Cheung, Esquire, Gerald T. Sekimura, Esquire, Brian K. Erickson, Esquire, Kevin C. Hamilton, Esquire, and Patrick Park, Esquire of DLA Piper LLP.

**MEMORANDUM OPINION**

Dated: September 3, 2014
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

On March 20, 2013, plaintiffs Intellectual Ventures I, LLC ("IV I") and Intellectual Ventures II, LLC ("IV II") (collectively, "plaintiffs") filed suit in this district against defendants Toshiba Corporation ("Toshiba Corp."), Toshiba America, Inc. ("TAI"), Toshiba America Electronic Components, Inc. ("TAEC"), and Toshiba America Information Systems, Inc. ("TAIS") (collectively, "defendants") alleging infringement of ten patents: U.S. Patent Nos. 5,500,819 ("the '819 patent"), 5,568,431 ("the '431 patent"), 5,600,606 ("the '606 patent"), 5,687,132 ("the '132 patent"), 5,701,270 ("the '270 patent"), 5,829,016 ("the '016 patent"), 6,058,045 ("the '045 patent"), 5,938,742 ("the '742 patent"), 7,836,371 ("the '371 patent"), and 6,618,788 ("the '788 patent") (collectively, "the asserted patents"). (D.I. 1)

IV I and IV II are limited liability companies organized and existing under the laws of the State of Delaware, with their principal place of business in Bellevue, Washington. (*Id.* at ¶¶ 1-2) IV I owns the '045, '742, and '371 patents. (*Id.* at ¶ 24) IV II owns the '819, '431, '606, '132, '270, '016, and '788 patents. (*Id.* at ¶ 25) Toshiba Corp. is a Japanese corporation with its principal place of business in Tokyo, Japan. TAI is a Delaware corporation with its principal place of business in New York, New York. TAEC and TAIS are California corporations with their principal places of business in Irvine, California. (*Id.* at ¶¶ 3-6) Defendants make, use, sell, offer for sale, and/or import flash memory products, USB host controller products, microcontroller products, and/or hard drive products. (*See id.* at ¶¶ 7-8) Plaintiffs allege that these, among other products, infringe the asserted patents. (*See id.*)

Presently before the court are defendants' motions: (1) to dismiss plaintiffs' claims of joint infringement and willful infringement or, in the alternative, for a more definite statement (D.I. 12); and (2) to sever the claims asserted by IV I from those asserted by IV II. (D.I. 28) The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed. R. Civ. P. 8) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

At the pleading stage in a patent case, the information required by Form 18 has

been deemed adequate notice to pass muster under Rule 8. See *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). In this regard, Form 18 requires that the following information be provided in a complaint for direct infringement: (1) an allegation of jurisdiction; (2) a statement that plaintiff owns each patent at issue and, for each such patent, its number, date of issuance, and the general invention described therein; (3) for each defendant accused of infringement, identification of the accused product, process or method[1] "that embod[ies] the patented invention;" and (4) a demand for relief, including injunctive relief and/or an accounting for damages.

## III. ANALYSIS

Defendants move to dismiss plaintiffs' claims of joint and willful infringement. (D.I. 12) Alternatively, defendants move for a more definite statement requiring plaintiffs to clarify their infringement allegations. (*Id.*)

### A. Joint Infringement

Defendants contend that plaintiffs have not sufficiently pled a theory of joint infringement "where one party performs some steps of a patent method claim while another party performs other steps in the method claim." (D.I. 13 at 1-2, 6-9) Plaintiffs respond that their complaint does not plead such a theory, but instead "asserts infringement claims against each Toshiba joint tortfeasor, including the Toshiba corporate parent and its agent subsidiaries that it controls to carry out the infringement of Intellectual Ventures' patents – consistent with the long-standing principle that a

---

[1]This court has previously held that a plaintiff must "specify, at a minimum, a general class of products or a general identification of the alleged infringing methods." *Eidos Communications, LLC v. Skype Technologies SA*, 686 F. Supp. 2d 465, 468 (D. Del. 2010).

3

controlling corporate parent is jointly liable for the infringing acts of its agent subsidiaries." (D.I. 22 at 1) As plaintiffs have clarified that "the complaint does not purport to rely" on the theory raised by defendants, the court only considers whether joint liability based on an agency relationship has been sufficiently pled.

### 1. Standard

A parent corporation that directs the allegedly infringing activity of a subsidiary can be liable for its subsidiary's infringement. *Ethypharm S.A. France v. Bentley Pharms., Inc.*, 388 F. Supp. 2d 426, 432 (D. Del. 2005). However, "[u]nder the agency theory, the issue of liability rests on the amount of control the parent corporation exercises over the actions of the subsidiary." *Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 658 F. Supp. 1061, 1084 (D. Del. 1987) (citation omitted). Simply being a wholly-owned subsidiary of a parent corporation alone does not make the subsidiary the agent of its parent; rather, "[a] parent corporation will be held liable for the activities of the subsidiary only if the parent dominates those activities." *Id.* at 1084-85. In patent cases where defendants are jointly liable for the infringement, "each joint-tortfeasor is liable for the full amount of damages up to a full single recovery." *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 872 (Fed. Cir. 2006).

### 2. Discussion

Plaintiffs assert that all or some of the named defendant corporate entities acted jointly to infringe the asserted patents. (D.I. 22 at 9) In this regard, the complaint recites:

> Toshiba Corp., TAI, TAEC, and TAIS acted jointly and
> collectively to make, use, sell, offer for sale, and/or import

4

> products that infringe patents owned by Intellectual Ventures
> I and Intellectual Ventures II, including without limitation,
> flash memory products, USB host controller products,
> microcontroller products, and/or hard drive products, either
> directly or indirectly through their subsidiaries or affiliates, to
> customers throughout the United States, including in this
> district. Toshiba Corp., TAI, TAEC, and TAIS are referred to
> collectively herein as "Toshiba."

(D.I. 1 at ¶ 8) Plaintiffs aver that "the complaint properly brought claims against all joint tortfeasors in this action – the Toshiba corporate parent and its agent subsidiaries that it controls to carry out the infringement of Intellectual Ventures' patents." (D.I. 22 at 9) Specifically, plaintiffs assert that "Toshiba Corp. operates in the United States through its holding company TAI and various operating companies such as TAEC and TAIS, with a combined total of approximately 8,000 employees in the United States." (Id. at ¶ 7; see also id. at ¶¶ 3–6, 12) The complaint further alleges that "TAI is a holding company for Toshiba Corp. and is controlled by and/or acts as an agent of Toshiba Corp." (Id. at ¶ 4) The complaint makes similar allegations with respect to subsidiaries TAEC and TAIS. (Id. at ¶¶ 5–6) Defendants argue that plaintiffs fail to allege any facts relevant to determining whether an agency relationship exists between Toshiba Corp. and each of TAI, TAEC, or TAIS. (D.I. 25 at 4)

The court must take plaintiffs' factual allegations as true, especially where, as here, the information resides with defendants who, in turn, have provided only a general denial of infringement rather than facts about the organization and relationships between the various defendant entities. (See D.I. 25 at 5) See, e.g., Tarkus Imaging, Inc. v. Adobe Sys., Inc., Civ. No. 10-63, 2011 WL 1557930, at *2 (D. Del. Apr. 21, 2011) (finding defendant's general denial does not provide a basis to dismiss). In this

5

case, plaintiffs' pleadings with respect to the allegations of liability based on agency are sufficient to withstand a motion to dismiss. Accordingly, defendants' motion to dismiss is denied in this regard. (D.I. 12)

### B. Willful Infringement

#### 1. Standard

The Federal Circuit has set forth a two-pronged standard for establishing willfull infringement, an objective prong and a subjective prong. With respect to the former,

> a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry.

*In re Seagate Technology LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (internal citations omitted). If the objective prong is satisfied, the patentee must next establish that "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.* This subjective prong hinges on the fact finder's assessments of the credibility of witnesses. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011). "The drawing of inferences, particularly in respect of an intent-implicating question such as willfulness, is peculiarly within the province of the fact finder that observed the witnesses." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006) (citation omitted).

At the pleading stage, a plaintiff alleging a cause of action for willful infringement must "plead facts giving rise to at least a showing of objective recklessness of the

6

infringement risk." *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, 2012 WL 1134318, at *2-3 (D. Del. Mar. 28, 2012) (internal quotations omitted). Although "actual knowledge of infringement or the infringement risk" need not be pled, the complaint "must adequately allege 'factual circumstances in which the patents-in-suit [are] called to the attention' of the defendants." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012).

## 2. Discussion

Plaintiffs argue that defendants' infringement was willful because defendants "had pre-suit knowledge and notice of each of the [asserted patents] and [defendants'] infringement thereof, through discussions with and presentations from [plaintiffs] and an infringement notice letter . . . ." (D.I. 22 at 7) The complaint includes general allegations that there were "discussions with Intellectual Ventures on or about September 7, 2010, a presentation provided by Intellectual Ventures to Toshiba on or about June 30, 2011, and a letter sent by Intellectual Ventures to Toshiba on March 19, 2013." (D.I. 1 at ¶ 30)

Plaintiffs cite three cases where pleadings of willful infringement were sufficient to withstand a motion to dismiss. *Accord, Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559 (D. Del. 2012);[2] *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d

---

[2]The court determined that, of the several defendants, one defendant had the requisite pre-suit knowledge having had discussions with plaintiff's representatives before the original complaint was filed that "focused on '[defendant's] infringement of the patented subject matter.'" *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 568 (D. Del. 2012). From this, the court was able to further infer that a co-defendant also had pre-suit knowledge of the patents-in-suit because it was a wholly-owned subsidiary of the above defendant. *Id.*

349 (D. Del. 2010);[3] and *S.O.I.TEC Silicon On Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*, Civ. No. 08-292, 2009 WL 423989 (D. Del. Feb. 20, 2009).[4] The cases cited by plaintiffs in support of their arguments, however, are distinguishable on their facts.

Where, as here, all the information relating to notice is in the hands of plaintiffs[5] and it is a matter of public knowledge that plaintiffs own hundreds of patents, a general allegation about "discussions" or "a presentation" is insufficient to withstand a motion to dismiss. Moreover, notice of the infringement risk via the letter written only one day before the complaint was filed does not constitute a showing of objective recklessness on the part of the defendants. Therefore, the court grants defendants' motion to dismiss in this regard. (D.I. 12)

## IV. CONCLUSION

For the above reasons, defendants' motion to dismiss (D.I. 12) is granted with respect to the claims of willful infringement and denied with respect to the claims of joint

---

[3]"[P]laintiff dedicate[d] several paragraphs toward allegations that [defendant's] predecessor [] learned of plaintiffs' technology" early on, "knew such information was confidential," and had knowledge of proprietary information "pursuant to a materials license agreement." *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010).

[4]This court "decline[d] to require more detail with respect to plaintiffs' willful infringement claims than is required by Form 18," noting that plaintiffs' answering brief contained additional detail, which could have been provided in the original complaint or in an amended complaint, sufficient to withstand a motion to dismiss. *S.O.I.TEC Silicon On Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*, Civ. No. 08-292, 2009 WL 423989, at *2, 3 n.3 (D. Del. Feb. 20, 2009).

[5]Unlike the facts to support an agency relationship between defendants.

8

infringement.[6]  An appropriate order shall issue.

---

[6]The court denies defendants' alternate motion for a more definite statement as moot. (D.I. 12) Defendants' motion to sever is also denied. (D.I. 28) The court's case management regime is meant to discern which patents will move forward to trial after coordinated discovery and motion practice procedures. The court notes that, in any event, under its new scheduling order, generally no more than two patents may be tried to a jury at one time. The court, therefore, will address this issue in due course.