# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INTELLECTUAL VENTURES I LLC and )
INTELLECTUAL VENTURES II LLC, )
                                         )
        Plaintiffs, )
                                           )   C.A. No. 1:13-cv-00453-SLR
        v. )
                                           )
TOSHIBA CORPORATION, TOSHIBA )
AMERICA, INC., TOSHIBA AMERICA )
ELECTRONIC COMPONENTS, INC. and )
TOSHIBA AMERICA INFORMATION )
SYSTEMS, INC. )
                                           )
        Defendants. )

## DEFENDANTS TOSHIBA CORPORATION, TOSHIBA AMERICA, INC., TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC. AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OPENING BRIEF IN SUPPORT OF MOTION FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

Dated: September 26, 2014

**Of Counsel**:

Mark D. Fowler (*Pro Hac Vice*)
Alan Limbach (*Pro Hac Vice*)
Timothy Lohse (*Pro Hac Vice*)
Brent Yamashita (*Pro Hac Vice*)
Aaron Wainscoat (*Pro Hac Vice*)
Carrie L. Williamson (*Pro Hac Vice*)
Saori Kaji (*Pro Hac Vice*)
Katherine Cheung (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2215
Telephone: (650) 833-2048
Facsimile: (650) 687-1138
mark.fowler@dlapiper.com
alan.limbach@dlapiper.com
timothy.lohse@dlapiper.com
brent.yamashita@dlapiper.com
aaron.wainscoat@dlapiper.com
carrie.williamson@dlapiper.com
saori.kaji@dlapiper.com
katherine.cheung@dlapiper.com

Denise S. Kraft (#2778)
Brian A. Biggs (#5591)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5777
Facsimile: (302) 394-2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

*Attorneys for Defendants*
*Toshiba Corporation, Toshiba America,*
*Inc., Toshiba America Electronic*
*Components, Inc. and Toshiba America*
*Information Systems, Inc.*

Gerald T. Sekimura (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA  94105-2933
Telephone:     (415) 836.2576
Facsimile:     (415) 659.7476
gerald.sekimura@dlapiper.com

Brian Erickson (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
401 Congress Avenue
Suite 2500
Austin, TX 78701-3799
Telephone:     (512) 457.7059
Facsimile:     (512) 721.2263
brian.erickson@dlapiper.com

Kevin Hamilton (*Pro Hac Vice*)
**DLA PIPER LLP** (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone:     (619) 699.2634
Facsimile:     (619) 764.6633
kevin.hamilton@dlapiper.com

Patrick Park (*Pro Hac Vice*)
**DLA PIPER LLP** (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4704
Telephone:     (310) 595.3113
Facsimile:     (310) 595.3413
patrick.park@dlapiper.com

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................................. 1

II.     NATURE AND STAGE OF THE PROCEEDINGS ...................................... 1

III.     SUMMARY OF ARGUMENT ...................................................................... 2

IV.     STATEMENT OF FACTS ............................................................................. 3

     A.     The PTO Has Instituted IPRs Of The '819, '132, '045 And '371 Patents ............ 3

         1.     The '045 Patent IPR ........................................................................ 3

         2.     The '132 Patent IPR ........................................................................ 4

         3.     The '371 Patent IPR ........................................................................ 5

         4.     The '819 Patent IPR ........................................................................ 5

     B.     The District Court Proceeding Is At Its Very Early Stage ................................. 6

     C.     IV Monetizes Patents Through Licensing And Litigation ................................. 6

V.     ARGUMENT .................................................................................................. 6

     A.     Legal Standards ................................................................................................ 6

     B.     The IPR Proceedings Will Simplify Issues For Trial ......................................... 9

     C.     The Early Stage Of Litigation Favors A Stay .................................................... 11

     D.     IV Will Suffer No Undue Prejudice From A Partial Stay And Toshiba Will Not Gain Any Clear Tactical Advantage ......................................................... 12

         1.     Toshiba Timely Filed Petitions For *Inter Partes* Review ....................... 12

         2.     Toshiba Timely Moved For A Stay ...................................................... 13

         3.     The Status Of The IPR Proceedings Favors A Stay ............................... 13

         4.     IV is a Non-Practicing Entity ............................................................. 14

         5.     Denying The Stay As To The IPR Patents Would Prejudice Toshiba .............................................................................................. 14

VI.     CONCLUSION ............................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Belden Techs. Inc., v. Superior Essex Comm'n,*
C.A. No. 08-63-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010) ..........................................13

*Bloom Eng'g Co. v. N. Am. Mfg. Co.,*
129 F.3d 1247 (Fed. Cir. 1997)......................................................................................9, 15

*BodyMedia, Inc. v. Basis Set, Inc.,*
C.A. No. 12-133 (GMS), 2013 WL 2462105 (D. Del. June 6, 2013) ....................................14

*Bonutti Skeletal Innovations, LLC v. Zimmer Holdings, Inc.,*
C.A. No. 12-1107-GMS, 2014 WL 1369721 (D. Del. Apr. 7, 2014)............................. passim

*Celorio v. On Demand Books LLC,*
C.A. No. 12-821-GMS, 2013 WL 45064111 (D. Del. Aug. 21, 2013) ..................................10

*Ethicon, Inc. v. Quigg,*
849 F.2d 1422 (Fed. Cir. 1988)......................................................................................6, 10

*First Am. Title Ins. Co. v. MacLaren LLC,*
C.A. No. 10-363-GMS, 2012 WL 769601 (D. Del. Mar. 9, 2012).........................................11

*Fresenius USA, Inc. v. Baxter International Inc.,*
721 F.3d 1330 (Fed. Cir. 2013)..............................................................................................9

*Gould v. Control Laser Corp.,*
705 F.2d 1340 (Fed. Cir. 1983)............................................................................................10

*In re Katz Interactive Call Processing Patent Litig.,*
639 F.3d 1303 (Fed. Cir. 2011).............................................................................................10

*In re Translogic Tech., Inc.,*
504 F.3d 1249 (Fed. Cir. 2007).............................................................................................14

*Intellectual Ventures I LLC v. Checkpoint Software Tech. Ltd.,*
C.A. No. 10-1067-LPS, 2011 WL 2692968 (D. Del. June 22, 2011)................................6, 14

*Neste Oil Oyj v. Dynamic Fuels, LLC,*
C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013).....................7, 8, 11, 12

*Peschke Map Tech., LLC v. J.J. Gumberg Co.,*
C.A. No. 12-1525, 2014 WL 1652633 (D. Del. Apr. 24, 2014) ...............................6, 8, 10, 12

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.,*
C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ...............7, 8, 10, 12

*Softview LLC v. Apple Inc.*,
C.A. No. 12-989-LPS, 2013 WL 4757831 (D. Del. Sept. 4, 2013)............................7, 8, 9,11

*St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*,
C.A. No. 01-557-JJF, 2003 WL 25283239 (D. Del. Jan. 30, 2003) ........................................13

*Sunpower Corporation v. PanelClaw*,
C.A. No. 12-1633-GMS, D.I. 43 (D. Del. May 16, 2014).......................................................12

*Tse v. Apple Inc.*,
C.A. No. C 06-06573-SBA, 2007 WL 2904279 (N.D. Cal. Oct. 4, 2007) ...............................6

STATUTES

35 U.S.C. § 252 ..........................................................................................................................15

35 U.S.C. § 307(b) ......................................................................................................................15

35 U.S.C. § 316(a)(11)......................................................................................................... passim

35 U.S.C. § 318(c) .........................................................................................................................9

37 C.F.R. § 42.100(c)...............................................................................................................4, 5, 7

OTHER AUTHORITIES

157 Cong. Rec. S5319 (daily ed. Sept. 6, 2011)...........................................................................8

157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) ............................................................................7

*Changes to Implement Inter Partes Review Proceedings, Post-Grant Review
Proceedings, and Transitional Program for Covered Business Method Patents*, 77
Fed. Reg. 48680-01 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100,
et seq.)..........................................................................................................................................7

# I.     INTRODUCTION

Defendants Toshiba Corporation ("Toshiba Corp."), Toshiba America, Inc. ("TAI"), Toshiba America Electronic Components, Inc. ("TAEC") and Toshiba America Information Systems, Inc. ("TAIS") (collectively, "Toshiba") respectfully request a partial stay of the litigation brought against them by Plaintiffs Intellectual Ventures I LLC ("IV I") and Intellectual Ventures II LLC ("IV II") (collectively, "IV") with respect to, and pending the resolution of, the *inter partes* review ("IPR") proceedings concerning U.S. Patent Nos. 5,500,819 (the "'819 patent"), 5,687,132 (the "'132 patent"), 6,058,045 (the "'045 patent") and 7,836,371 (the "'371 patent") (collectively, the "IPR patents") by the United States Patent and Trademark Office.  All of the relevant factors favor granting a stay: the IPRs will simplify the issues for trial; the case is at its very early stage (as Toshiba answered the complaint on September 17 and the Case Management Conference has not been scheduled); and IV, a non-practicing entity, will not suffer any undue prejudice from a stay.  As such, a partial stay of the case with respect to the four IPR patents is appropriate.

# II.    NATURE AND STAGE OF THE PROCEEDINGS

On March 20, 2013, IV filed their Complaint against Toshiba Corp., TAI, TAEC and TAIS for the alleged infringement of ten patents.  D.I. 1.  The ten patents include, in addition to the four IPR patents, U.S. Patent Nos. 5,568,431 (the "'431 patent"), 5,600,606 (the "'606 patent"), 5,701,270 (the "'270 patent"), 5,829,016 (the "'016 patent"), 5,938,742 (the "'742 patent") and 6,618,788 (the "'788 patent").

On June 10, 2013, Toshiba filed a motion to dismiss IV's claims of joint infringement and willful infringement, or in the alternative, for a more definite statement (the "Motion to Dismiss").  D.I. 12, 13.  On December 4, 2013, Toshiba filed a motion to sever IV I's claims from IV II's claims pursuant to Federal Rules of Civil Procedure 20(a)(1) and 21 ("Motion to

Sever"). D.I. 28, 29. On September 3, 2014, the Court granted Toshiba's Motion to Dismiss with respect to the claims of willful infringement, and denied the motion with respect to the claims of joint infringement. D.I. 33. The Court also denied Toshiba's Motion to Sever. *Id.*

Toshiba filed their Answers to IV's Complaint on September 17, 2014. D.I. 35, 36, 37, 38. The Case Management Conference is scheduled for October 15, 2014. D.I. 39.

## III.  SUMMARY OF ARGUMENT

Toshiba requests a narrowly tailored stay of the case with respect to the four IPR patents. A partial stay of this case as to the IPR patents makes sense because such a stay will permit the PTO to promptly determine whether the IPR patents are invalidated by prior art patents and printed publications, and will streamline this complicated case.

First, the IPR will simplify the issues for the Court. The Patent Trial and Appeal Board ("PTAB") granted petitions for IPR of the '819, '132, '045 and '371 patents on August 8, 2014, June 17, 2014, May 5, 2014, and July 11, 2014, respectively. In those decisions, the PTAB found a reasonable likelihood that 41 claims of these patents would be invalidated.

Based on these dates of institution, all of the IPRs should conclude in less than a year from now. In this regard, approximately 84 percent of final decisions in IPR proceedings have found at least one claim invalid. Declaration of Denise Kraft In Supp. of Mot. to Stay ("Kraft Decl.") ¶ 14, Ex. M at 16. Thus, a partial stay in this case will avoid unnecessary rulings on IPR patent claims that are likely to be invalidated (cancelled or disclaimed) or amended. It also would be inefficient to conduct claim construction proceedings on the IPR patents only to have their claims invalidated. Further, should the litigation as to the IPR patents proceed in parallel with the IPR proceedings, the parties could waste a year in costly discovery on four patents that are likely to be invalidated. Partially staying the case as to the IPR patents until the completion

of the IPR proceedings and proceeding with the case now as to the remaining six patents would avoid these risks and conserve judicial resources.

Second, this case is in its infancy. Toshiba answered IV's complaint on September 17, 2014. There is no schedule set in the case, the Case Management Conference is scheduled for October 15, and no Rule 26(a)(1) initial disclosures have been exchanged between the parties. No discovery has occurred, no depositions have been scheduled, no claim construction has taken place, and no trial date has been set. As such, it is appropriate to stay the case at least as to the four IPR patents before the Court and the parties expend any time or effort litigating them.

Finally, a stay would not unduly prejudice IV. IV has not yet invested significant time or money litigating this case. And because IV is a non-practicing entity, it does not compete with Toshiba and is not losing market share or profits to Toshiba, or suffering any alleged harm that could not be compensated by money damages. Its claim for damages on the four IPR patents can wait until the PTAB decides whether the IPR patents are valid. Moreover, the fact that IV (1) did not seek any form of preliminary injunctive relief, and (2) waited years to initiate this lawsuit undermines any argument of prejudice. In contrast, absent a partial stay, the Court and Toshiba will be prejudiced by being forced to litigate patent claims that are much more likely to be cancelled, amended, or otherwise narrowed than they are to be confirmed.

Because all the relevant factors weigh heavily in favor of a stay, Toshiba asks the Court to enter a partial stay of the case with respect to the four IPR patents.

## IV. STATEMENT OF FACTS

### A. The PTO Has Instituted IPRs Of The '819, '132, '045 And '371 Patents.

#### 1. The '045 Patent IPR

On October 31, 2013, Toshiba Corp. filed a petition for *inter partes* review of claims 1 and 4 of the '045 patent, identifying itself and Defendants TAI, TAEC and TAIS as the real

parties in interest (Assigned Case No. 2014-00113). Kraft Decl. ¶ 2, Ex. A, at 3. On May 5, 2014, the PTAB issued its Decision to Institute the IPR and its Scheduling Order. *Id.* ¶ 3-4, Exs. B, C. The PTAB instituted the IPR on all requested claims, *i.e.*, claims 1 and 4 of the '045 patent (there are just six claims in the '045 patent). *Id.* ¶ 3, Ex. B at 2 ("we conclude that Petitioner has established a reasonable likelihood that it would prevail with respect to claims 1 and 4 of the '045 patent.").

The PTAB set the oral argument (trial) for the '045 patent IPR for November 6, 2014. *Id.* ¶ 4, Ex. C, at 5. The PTAB should issue its final written decision on the invalidity of the reviewed claims of the '045 patent by no later than May 5, 2015. 35 U.S.C. §316(a)(11) (PTAB required, by statute, to issue final written determination on validity within twelve months of deciding to initiate an IPR, with only one possible six-month extension); *see also* 37 C.F.R. § 42.100(c).

### 2. The '132 Patent IPR

On December 31, 2013, Toshiba Corp. filed a petition for *inter partes* review of claims 1-14 and 28-30 of the '132 patent, identifying itself and Defendants TAI, TAEC and TAIS as the real parties in interest (Assigned Case No. 2014-00317). Kraft Decl., ¶ 5, Ex. D. On June 17, 2014, the PTAB issued its Decision to Institute the IPR and its Scheduling Order. *Id.* ¶¶ 6-7, Exs. E, F. The PTAB instituted the IPR on all but one of the requested claims, *i.e.*, 1-14, 28 and 29 of the '132 patent (there are just 30 claims of the '132 patent). *Id.* ¶ 6, Ex. E at 2 ("we conclude that Petitioner has established a reasonable likelihood that it would prevail with respect to claims 1-14, 28, and 29.").

The PTAB set the oral argument (trial) for the '132 patent IPR for March 17, 2015. *Id.* ¶ 7, Ex. F, at 6. The PTAB should issue its final written decision on the invalidity of the reviewed

claims of the '132 patent by no later than June 17, 2015.  35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c).

### 3.    The '371 Patent IPR

On December 30, 2013, Toshiba Corp. filed a petition for *inter partes* review of all claims of the '371 patent, identifying itself and Defendants TAI, TAEC and TAIS as the real parties in interest (Assigned Case No. 2014-00310).  Kraft Decl., ¶ 8, Ex. G.  On July 11, 2014, the PTAB issued its Decision to Institute the IPR and its Scheduling Order.  *Id.* ¶¶ 9-10, Exs. H, I.  The PTAB instituted the IPR on all requested claims, *i.e.*, claims 1-10 of the '371 patent, all claims of the '371 patent.  *Id.* ¶ 9, Ex. H at 2 ("we conclude that Petitioner has established a reasonable likelihood that it would  prevail with respect to claims 1–10.").

The PTAB set the oral argument (trial) for the '371 patent IPR for February 12, 2015.  *Id.* ¶ 10, Ex. I, at 5.  The PTAB should issue its final written decision on the invalidity of the reviewed claims of the '371 patent by no later than July 11, 2015.  35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c).

### 4.    The '819 Patent IPR

On February 7, 2014, Toshiba Corp. filed a petition for *inter partes* review of claims 1-11 and 17-19 of the '819 patent with the PTO identifying itself and Defendants TAI, TAEC and TAIS as the real parties in interest (Assigned Case No. 2014-00418).  Kraft Decl., ¶ 11, Ex. J.  On August 8, 2014, the PTAB issued its Decision to Institute the IPR and its Scheduling Order.  *Id.* ¶¶ 12-13, Exs. K, L.  The PTAB instituted the IPR on all requested claims, *i.e.*, claims 1-11 and 17-19 of the '819 patent (there are 19 claims in the '819 patent).  *Id.* ¶ 12, Ex. K at 2 ("we conclude that Petitioner has established a reasonable likelihood that it would prevail with respect to claims 1–11 and 17–19 of the '819 patent.").

The PTAB set the oral argument (trial) for the '819 patent IPR for May 6, 2015. *Id.* ¶ 13, Ex. L, at 5. The PTAB should issue its final written decision on the invalidity of the reviewed claims of the '819 patent by no later than August 8, 2015. 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c).

### B. The District Court Proceeding Is At Its Very Early Stage.

Since IV filed its Complaint on March 20, 2013, very little has occurred either procedurally or substantively in this case. Toshiba filed its Answer to IV's Complaint on September 17, 2014, and a Case Management Conference has been scheduled for October 15, 2014. No initial disclosures have been exchanged, no depositions have been scheduled, no discovery has occurred, no claim construction hearing has been held, and no trial date has been set.

### C. IV Monetizes Patents Through Licensing And Litigation.

IV is a non-practicing entity in the business of licensing patents. *Intellectual Ventures I LLC v. Checkpoint Software Tech. Ltd.*, C.A. No. 10-1067-LPS, 2011 WL 2692968, at *1 (D. Del. June 22, 2011). Neither IV I nor IV II is a manufacturer of the accused products –flash memory products, USB host controller products, microcontroller products, and/or hard drive products. Rather, IV's interest in patents is to monetize them. To accomplish its monetization strategy, IV has filed multiple actions, against multiple technology companies, in multiple jurisdictions, seeking damages.

## V. ARGUMENT

### A. Legal Standards

District courts have the inherent authority to manage their dockets, including the discretion to stay judicial proceedings pending IPR. *See Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Peschke Map Tech., LLC v. J.J. Gumberg Co.*, C.A. No. 12-1525,

2014 WL 1652633, at *2 (D. Del. Apr. 24, 2014). Courts have a "liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." *Tse v. Apple Inc.*, C.A. No. C 06-06573-SBA, 2007 WL 2904279, at *1 (N.D. Cal. Oct. 4, 2007) (internal quotations omitted); *see also, Neste Oil Oyj v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) (granting stay where "there has been no scheduling conference, no trial date has been set, and no discovery has taken place"); *Bonutti Skeletal Innovations, LLC v. Zimmer Holdings, Inc.*, C.A. No. 12-1107-GMS, 2014 WL 1369721 (D. Del. Apr. 7, 2014) (granting stay of entire case pending IPR of four of six patents-in-suit where there was no case scheduling order and discovery had not begun); *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458, at *4 (D. Del. Jan. 15, 2014) (granting stay where most of the significant case events – *i.e.*, Markman hearings, the completion of expert discovery and the filing of case dispositive motions – were "many months to well over a year away.").

By enacting the AIA, Congress replaced the pre-existing *inter partes* reexamination procedure with the IPR procedure with the intent to provide a "faster, less costly alternative to civil litigation to challenge patents." 157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) (statement by Senator Grassley); *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680-01, at *48680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100, et seq.); *see also* 157 Cong. Rec. S5319 (daily ed. Sept. 6, 2011) (statement by Senator Kyl) (characterizing post-grant review procedures, including *inter partes* review, as "an inexpensive substitute for district court litigation" that "allows key issues to be addressed by experts in the field."). The PTAB is

required, by statute, to issue its final written determination on validity within twelve months of deciding to institute an IPR, with one possible six-month extension. *See* 35 U.S.C. § 316(a)(11).

Delaware courts have granted stays of litigation in favor of the IPR proceedings. *See Softview LLC v. Apple Inc.*, C.A. No. 12-989-LPS, 2013 WL 4757831, at *2 (D. Del. Sept. 4, 2013) (granting stay in view of newly filed IPR); *see also Peschke Map Tech.*, 2014 WL 1652633, at *2; *Bonutti Skeletal Innovations,* 2014 WL 1369721, at *5-6; *Princeton Digital Image*, 2014 WL 3819458, at *2-3. With the guaranteed resolution of most cases within one year after institution of an IPR, "*inter partes* review promises to be a more expeditious process than reexamination." *Softview*, 2013 WL 4757831, at *2.

Courts in this District also have articulated how a PTO proceeding can simplify proceedings for the district court:

> (1) all prior art presented to the court will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without the further involvement of the court, (5) the record of reexamination would probably be entered at trial, reducing the complexity and length of the litigation, (6) issues, defenses and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court.

*Neste Oil Oyj*, 2013 WL 3353984, at *4.

In determining whether to grant a stay pending review, the court considers three factors: (1) whether granting the stay will simplify issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *Bonutti Skeletal Innovations*, 2014 WL 1369721, at *2. Here, each of these factors supports a stay.

## B.    The IPR Proceedings Will Simplify Issues For Trial.

In the present case, the IPRs are likely to result in all of the claims that IV could reasonably assert against Toshiba being invalidated.  Continuing to proceed with this litigation now as to the IPR patents while the IPRs are pending would create a substantial risk that the Court and the parties will expend time and resources litigating issues that will be eliminated or altered by the IPR proceedings.  *Softview*, 2013 WL 4757831, at *2.  For example, in *Fresenius USA, Inc. v. Baxter International Inc.*, the Federal Circuit held that the PTO's determination during reexamination proceedings that all asserted patent claims were invalid meant that the plaintiff (Baxter) in pending infringement proceedings no longer had a viable cause of action against the accused infringer (Fresenius) – despite the fact that a jury verdict had been returned, an interim appellate decision had found the asserted patents had not been proven invalid, and only a dispute about damages remained to be resolved.  721 F.3d 1330, 1340 (Fed. Cir. 2013).  In this regard, "if the original claim is canceled or amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails." *Id.*

Furthermore, if IV amends any claims during the IPR, IV may lose the right to enforce those claims against Toshiba.[1]  *See Fresenius USA*, 721 F.3d at 1339 ("Even if the claim is amended during reexamination to render the claim valid, no suit can be maintained for the period prior to the validating amendment."); 35 U.S.C. § 318(c); *see also, Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997) ("Unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate.").  Consequently, the IPR

---

[1] IV decided it would not seek to amend any claims in the '045, '371 or '132 IPR proceedings.  However, IV has not yet stated whether it will seek to amend any claims in the '819 IPR proceeding.  Kraft Decl., ¶ 15.

could nullify any work performed by the Court and the parties related to the IPR patents, potentially wasting judicial resources and resulting in unnecessary costs to the parties. In contrast, "it makes more sense to stay litigation pending the decision of the PTAB" as a "stay should clarify, if not, simplify the issues for trial." *Peschke Map Tech.*, 2014 WL 1652633, at *2.

Even if the IPR results in no changes to the wording of the claims, the process "could still provide valuable analysis to the district court, which it could consider in reaching its determination." *Ethicon*, 849 F.2d at 1428 (internal citation omitted); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (finding purpose of reexamination is "to facilitate trial of [the validity] issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)"); *Celorio v. On Demand Books LLC*, C.A. No. 12-821-GMS, 2013 WL 45064111, at *1 n.1 (D. Del. Aug. 21, 2013) ("even if the PTO were to ultimately confirm all of the claims, the court would likely benefit from the expert analysis the PTO conducts, thus further simplifying issues before the court."). Indeed, arguments made by the patent owner during IPR proceedings can meaningfully clarify or narrow the scope of a disputed term. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1324-25 (Fed. Cir. 2011) (finding no error in district court's construction of disputed term "personal identification data" based upon arguments made by patent owner during *ex parte* reexamination). Accordingly, this Court will likely benefit from the intrinsic record of the IPR if the IPR patents are not entirely invalidated and the case eventually proceeds to a *Markman* hearing.

Another factor to be considered is the degree of overlap between the issues in this litigation and those considered in the IPR proceedings. *Princeton Digital Image*, 2014 WL

3819458, at *3. Given the early stage of the case, IV has not yet specified which claims it is asserting against Toshiba. The IPRs, however, present invalidity arguments for all claims of the IPR patents that could possibly be asserted against Toshiba. In addition, the courts do not require a complete overlap of issues to grant a stay. *Bonutti Skeletal Innovations*, 2014 WL 1369721, at *5 (granting motion to stay over plaintiff's argument that the IPR would not resolve all of the issues, claims and patents at issue in the litigation: "there is no requirement that the issues in the IPR be identical to those in the litigation . . . . to the degree that there are claims absent from the IPR petitions that Bonutti asserts should be included, this is due in no small part to Bonutti's refusal to specify exactly which claims it intends to assert against the Defendants.").

For all these reasons, this factor weighs in favor of a stay.

### C.     The Early Stage Of Litigation Favors A Stay.

The very early stage of this case undoubtedly favors granting a stay. In considering the stage of litigation, the court asks, among other things, "whether discovery is complete and whether a trial date has been set." *Neste Oil Oyj*, 2013 WL 424754, at *1 (citing *First Am. Title Ins. Co. v. MacLaren LLC*, C.A. No. 10-363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012)). Staying a case in its early stage advances judicial efficiency and prevents the court and the parties from expending resources on claims that may be rendered invalid. *Bonutti Skeletal Innovations*, 2014 WL 1369721, at *6. In fact, courts routinely grant stays in cases that have advanced much farther than this one. *See Softview*, 2013 WL 4757831, at *1 (granting a stay pending IPR despite that fact discovery and the *Markman* process were complete, noting that the IPR would likely be complete by the time case dispositive motions are filed); *Peschke Map Tech.*, 2014 WL 1652633 (granting a stay pending IPR despite that fact discovery and the *Markman* briefing were complete and trial set for later in the year).

Here, the Case Management Conference was just scheduled for October 15, and there is no case schedule. As a result, the parties have not exchanged initial disclosures, discovery has not commenced, no claim construction hearing has been scheduled, and the trial date has not been set. Since the Court's Order (D.I. 33) on Toshiba's Motion to Dismiss, the activities on the case docket consist of Toshiba's Answers to the Complaint (D.I. 35-38). The current stage of the litigation cannot be deemed anything other than early. Thus, the stage of the litigation weighs heavily in favor of granting a stay of the case with respect to the IPR patents.

### D. IV Will Suffer No Undue Prejudice From A Partial Stay And Toshiba Will Not Gain Any Clear Tactical Advantage.

In determining whether a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage, courts consider a number of factors, including "the timing of the request for reexamination, the timing of the request for stay, the status of the reexamination proceedings and the relationship of the parties." *Bonutti Skeletal Innovations*, 2014 WL 1369721, at *2; *Princeton Digital Image*, 2014 WL 3819458, at *4. The mere potential for delay does not in itself establish undue prejudice. *Neste Oil Oyj*, 2013 WL 3353984, at *3. Each of these consideration weighs strongly in favor of a stay here.

### 1. Toshiba Timely Filed Petitions For *Inter Partes* Review.

Toshiba filed all of its IPRs well within the one-year statutory deadline to do so (*i.e.*, well before March 20, 2014). In this regard, courts in this district have granted stays pending IPR even though the defendants filed their petitions for IPR on the last day permitted under the statute. *See, e.g., Sunpower Corporation v. PanelClaw*, C.A. No. 12-1633-GMS, D.I. 43, at *3 (D. Del. May 16, 2014) (filing IPR petition one day before statutory expiration date was not dilatory); *Princeton Digital Image*, 2014 WL 3819458, at *4-5 (granting stay pending IPR where

the defendant filed the petition for IPR "almost a year to the day after Plaintiff filed the initial Complaint against it."). Toshiba timely filed all of its IPR petitions. Thus, this factor weighs in favor of granting a stay.

### 2. Toshiba Timely Moved For A Stay.

When the PTAB issued its decisions to institute IPR of the '819, '132, '045 and '371 patents on August 8, 2014, June 17, 2014, May 5, 2014, and July 11, 2014, Toshiba's Motion to Dismiss and Motion to Sever were pending and there was no activity in the case. The Court ruled on Toshiba's motions on September 3, 2014, Toshiba answered on September 17, 2014, and Toshiba now promptly files the present motion just nine days after answering.

Nothing in this record suggests that Toshiba seeks an inappropriate tactical advantage, such as seeking to stay after final rejections in a reexamination or just before trial. *Belden Techs. Inc., v. Superior Essex Comm'n*, C.A. No. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010) (motion to stay filed over four years after suit commenced and after final rejections in reexamination proceedings); *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, C.A. No. 01-557-JJF, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003) (motion to stay filed just weeks before trial). Indeed, Toshiba timely filed this request for partial stay within weeks after the Court's September 3, 2014, Order. Thus, this factor weighs in favor of granting the stay.

### 3. The Status Of The IPR Proceedings Favors A Stay.

Here, all of the IPR proceedings already have instituted. In particular, the '045 patent IPR is set to conclude in approximately seven months (*i.e.*, May 5, 2015), and the other three IPRs are scheduled to conclude by no later than August 8, 2015 (absent any extension). Congress has mandated that, absent good cause, the PTO must generally render a final determination within one year of its decision to institute. 35 U.S.C § 316(a)(11). To date, there has not been a single finding of good cause by the PTO to extend the one-year deadline.

Furthermore, delay from PTO reexamination proceedings "is not, by itself, dispositive and does not demonstrate that a party will be unduly prejudiced." *Bonutti Skeletal Innovations*, 2014 WL 4369721, at *2 (citing *BodyMedia, Inc. v. Basis Set, Inc.*, C.A. No. 12-133 (GMS), 2013 WL 2462105 (D. Del. June 6, 2013)). This factor thus weighs in favor of a stay.

### 4. IV is a Non-Practicing Entity.

Courts also consider the relationship of the parties in assessing potential prejudice to the non-movant, typically considering the extent to which the parties are direct competitors. *See, e.g.*, *Bonutti Skeletal Innovations*, 2014 WL 1369721, at *4. "The relationship between the parties is no impediment to a stay, however, where the plaintiff is a non-practicing entity." *Id.*

Here, IV does not make the accused products. IV "was formed in 2002 as a 'non practicing entity' or NPE." *Intellectual Ventures I LLC*, 2011 WL 2692968, at *1. "A key component of IV's business is licensing its patents to various technology and software companies." *Id.* Indeed, as a non-practicing entity, IV does not, and cannot, allege any harm that could not be readily compensable by money damages. Not surprisingly, IV does not seek injunctive relief in its Complaint.

A stay would not preempt IV from subsequently obtaining monetary relief on the IPR patents if they survive the IPRs, and IV then prevails at trial. Thus, this factor also favors a stay. *Bonutti Skeletal Innovations*, 2014 WL 1369721, at *5 (finding no prejudice where plaintiff's "status as a non-practicing entity, rather than a market participant, suggests there is little risk that it will lose sales or goodwill in the market.").

### 5. Denying The Stay As To The IPR Patents Would Prejudice Toshiba.

Although granting a stay would not prejudice IV, denying a stay would unduly prejudice Toshiba. Denying a stay risks the very real possibility that this Court and the PTO could issue inconsistent rulings, requiring the Federal Circuit to overturn this Court's decision in favor of the

PTO's decision on invalidity.  *See In re Translogic Tech., Inc.*, 504 F.3d 1249, 1251 (Fed. Cir. 2007) (affirming PTO's rejection even though claims previously held not invalid in a final district court judgment).

In addition, denying a stay burdens Toshiba with litigating claims that are more likely than not invalid.  Moreover, if IV substantively amends the claims during the IPR, IV cannot recover damages for any alleged infringement of the amended claims that occurs before the IPR concludes.  *See* 35 U.S.C. §§ 252 & 307(b); *Bloom Eng'g Co.*, 129 F.3d at 1250.  In such a case, conducting discovery on products sold prior to the amended claims would waste the efforts of these parties and this Court.

In short, IV will not be unduly prejudiced or tactically disadvantaged by a stay, beyond the delay necessarily inherent in the IPR process.  Thus, this factor also favors a stay.

## VI.      CONCLUSION

For the reasons stated above, the case should be stay with respect to the IPR Patents – *i.e.*, the '819, '132, '045 and '371 patents – pending the final outcome of the IPRs of those patents.

Dated:  September 26, 2014

**Of Counsel**:

Mark D. Fowler (*Pro Hac Vice*)
Alan Limbach (*Pro Hac Vice*)
Timothy Lohse (*Pro Hac Vice*)
Aaron Wainscoat (*Pro Hac Vice*)
Carrie L. Williamson (*Pro Hac Vice*)
Saori Kaji (*Pro Hac Vice*)
Katherine Cheung (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2215
Telephone:  (650) 833-2048
Facsimile:   (650) 687-1138

**DLA PIPER LLP (US)**

  _/s/ Denise S. Kraft_____
Denise S. Kraft (Bar No. 2778)
Brian A. Biggs (Bar No. 5591)
1201 North Market Street, Suite 2100
Wilmington, DE  19801-3046
Telephone:  (302) 468-5700
Facsimile:   (302) 394-2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

*Attorneys for Defendants Toshiba*
*Corporation, Toshiba America, Inc., Toshiba*
*America Electronic Components, Inc. and*
*Toshiba America Information Systems, Inc.*

mark.fowler@dlapiper.com
alan.limbach@dlapiper.com
timothy.lohse@dlapiper.com
aaron.wainscoat@dlapiper.com
carrie.williamson@dlapiper.com
saori.kaji@dlapiper.com
katherine.cheung@dlapiper.com

Gerald T. Sekimura (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Telephone: (415) 836.2576
Facsimile: (415) 659.7476
gerald.sekimura@dlapiper.com

Brian Erickson (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
401 Congress Avenue
Suite 2500
Austin, TX 78701-3799
Telephone: (512) 457.7059
Facsimile: (512) 721.2263
brian.erickson@dlapiper.com

Kevin Hamilton *(Pro Hac Vice)*
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699.2634
Facsimile: (619) 764.6633
kevin.hamilton@dlapiper.com

Patrick Park *(Pro Hac Vice)*
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4704
Telephone: (310) 595.3113
Facsimile: (310) 595.3413
patrick.park@dlapiper.com