**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TOSHIBA CORPORATION, TOSHIBA AMERICA, INC., TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC., and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., <br><br> Defendants. | Civil Action No. 13-cv-453-SLR-SRF |

**INTELLECTUAL VENTURES' OPENING BRIEF IN SUPPORT OF THE MOTION TO**
**STAY TOSHIBA'S PATENT MISUSE AND ANTITRUST CLAIMS AND DEFENSES**

FARNAN LLP
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiffs and Counterclaim*
*Defendants*

John M. Desmarais (admitted *pro hac vice*)
Jon T. Hohenthaner (admitted *pro hac vice*)
Andrew G. Heinz (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

Dated: November 3, 2014

**TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 1

SUMMARY OF ARGUMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 3

    I.      The Court Has The Discretion To Stay Toshiba's Patent Misuse And Antitrust Claims And Defenses. ......................................................................... 3

    II.     All Relevant Factors Favor Staying Toshiba's Patent Misuse And Antitrust Claims And Defenses Until After Trial On Intellectual Ventures' Patent Claims. ...................................................................................................... 3

          A.     A Stay Will Substantially Simplify The Issues For Trial. .......................... 4

               1.     A Trial On Intellectual Ventures' Patent Claims Will Potentially Eliminate Or Simplify Toshiba's Patent Misuse And Antitrust Claims And Defenses................................................ 5

               2.     There Is Minimal Evidentiary Overlap With Toshiba's Antitrust Claims And Defenses. ....................................................... 6

               3.     Resolution Of The Pending *Capital One* Appeal Will Potentially Eliminate Or Simplify Toshiba's Patent Misuse Defenses and Antitrust Counterclaims........................................... 7

          B.     A Stay Will Not Prejudice Toshiba Or Give Intellectual Ventures Any Tactical Advantage. ......................................................................... 8

          C.     The Early Stage Of This Case Favors A Stay........................................... 9

CONCLUSION....................................................................................................................... 9

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Akzona, Inc. v. E.I. Du Pont de Nemours & Co.*,
607 F. Supp. 227 (D. Del. 1984)................................................................................. 7

*Apotex, Inc. v. Senju Pharm. Co.*,
921 F. Supp. 2d 308 (D. Del. 2013)................................................................. 3, 6, 7, 9

*Bechtel Corp. v. Laborers' Int'l Union*,
544 F.2d 1207 (3d Cir. 1976)................................................................................... 4

*Eurand Inc. v. Mylan Pharms. Inc.*,
Civ. No. 08-889-SLR, 2009 WL 3172197 (D. Del. Oct. 1, 2009).......................... 3, 4, 6, 7

*Masimo Corp. v. Philips Elecs. N. Am. Corp.*,
Civ. No. 09-80-JJF-MPT, 2010 WL 925864 (D. Del. Mar. 11, 2010), *motion for reconsideration denied*, 2010 WL 1544423 (D. Del. Apr. 19, 2010), *objection overruled*, 2010 WL 2826379 (D. Del. July 15, 2010).............................................. passim

*Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*,
Civ. No. 12-088-RGA, 2012 WL 2803695 (D. Del. July 10, 2012).................................. 9

*Princo Corp. v. Int'l Trade Comm'n*,
616 F.3d 1318 (Fed. Cir. 2010)............................................................................... 6

*Vehicle IP, LLC v. Wal-Mart Stores, Inc.*,
2010 WL 4823393 (D. Del. Nov. 22, 2010) .................................................................. 9

*Virginia Panel Corp. v. MAC Panel Co.*,
133 F.3d 860 (Fed. Cir. 1997)............................................................................... 6

Intellectual Ventures I LLC, Intellectual Ventures II LLC, Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., and Invention Investment Fund II, LLC (collectively "Intellectual Ventures") respectfully submit this opening brief in support of their motion to stay the antitrust counterclaims and patent misuse affirmative defenses raised by defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc. (collectively "Toshiba").

## NATURE AND STAGE OF THE PROCEEDINGS

Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively "Plaintiffs") filed this patent infringement action against Toshiba on March 20, 2013. (D.I. 1.) Following resolution of Toshiba's motions to dismiss (D.I. 12–14, 22, 25, 33–34) and sever (D.I. 28–31, 33–34), Toshiba filed answers to Plaintiff's complaint on September 17, 2014. (D.I. 35–38.) Three weeks later, on October 8, 2014, Toshiba filed amended answers adding patent misuse defenses and related antitrust counterclaims[1] against Plaintiffs and three additional entities—Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., and Invention Investment Fund II, LLC. (D.I. 43–46.) The Court held a scheduling conference on October 15, 2014, and entered the Scheduling Order on October 30, 2014. Trial is scheduled to commence on January 17, 2017.

## SUMMARY OF ARGUMENT

Toshiba's patent misuse defenses and antitrust counterclaims, which it added through an amended pleading filed over 18 months after Intellectual Ventures initiated this patent

---

[1] All four Toshiba entities raised patent misuse defenses, and two of the Toshiba entities brought antitrust counterclaims—Toshiba Corporation and Toshiba America Electronic Components, Inc. (D.I. 43–46.)

1

infringement action, should be stayed for several reasons, as is the common practice in this Court.

First, a stay will simplify the issues for trial because: (i) resolution of the patent claims will likely eliminate, or at least simplify, the patent misuse and antitrust issues; (ii) there is minimal evidentiary overlap between Intellectual Ventures' patent claims and Toshiba's patent misuse and antitrust issues; and (iii) resolution of the pending *Capital One* appeal involving many of the same issues here will likely shed light on the sufficiency of Toshiba's allegations and potentially narrow or eliminate these issues.

Second, a stay will not prejudice Toshiba given that many of its allegations depend upon resolution of the underlying patent infringement claims. Thus, both parties and the Court will benefit from resolving the patent infringement issues first. Further, as Toshiba waited for over 4 years until after its negotiations with Intellectual Ventures began (and over 18 months after Intellectual Ventures filed this action) to first raise its patent misuse and antitrust issues, and because the parties do not directly complete, a stay would not cause Toshiba any prejudice.

Finally, the fact that Toshiba just raised its patent misuse and antitrust counterclaims a few weeks ago favors a stay. The Court just entered the scheduling order on October 30, 2014, and the parties have taken no discovery concerning the patent misuse or antitrust issues. Accordingly, judicial and party economy would best be served by staying Toshiba's antitrust counterclaims and patent misuse affirmative defenses until after resolution of Intellectual Ventures' patent claims.

## ARGUMENT

I.    **The Court Has The Discretion To Stay Toshiba's Patent Misuse And Antitrust Claims And Defenses.**

"Motions to stay invoke the broad discretionary powers of the court." *Apotex, Inc. v. Senju Pharm. Co.*, 921 F. Supp. 2d 308, 313 (D. Del. 2013); *see also Eurand Inc. v. Mylan Pharms. Inc.*, Civ. No. 08-889-SLR, 2009 WL 3172197, at *1 (D. Del. Oct. 1, 2009) ("The Federal Circuit has recognized that '[district courts] are afforded broad discretion to control and manage their dockets, including the authority to decide the order in which they hear and decide issues pending before them.'" (citation omitted)). Three general factors inform the court regarding whether a stay is appropriate:

(i)    whether a stay will simplify the issues for trial;

(ii)   whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; and

(iii)  whether discovery is complete and a trial date set.

*Apotex*, 921 F. Supp. 2d at 313–14.

II.   **All Relevant Factors Favor Staying Toshiba's Patent Misuse And Antitrust Claims And Defenses Until After Trial On Intellectual Ventures' Patent Claims.**

In patent cases, courts frequently bifurcate antitrust related counterclaims and defenses until after resolution of the underlying infringement and validity issues. *See, e.g.*, *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, Civ. No. 09-80-JJF-MPT, 2010 WL 925864, at *1 (D. Del. Mar. 11, 2010) ("Bifurcation of patent and antitrust claims is not mandatory, but is common."), *motion for reconsideration denied*, 2010 WL 1544423 (D. Del. Apr. 19, 2010), *objection overruled*, 2010 WL 2826379 (D. Del. July 15, 2010). The same is true for patent misuse defenses "[b]ecause 'patent misuse issues are more analogous to antitrust claims than patent validity or infringement…." *Masimo*, 2010 WL 1544423, at *4; *see also Eurand*, 2009 WL 3172197, at *2

(staying both antitrust and patent misuse counterclaims and related defenses because "the issues are closely aligned as both inquire into anticompetitive behavior" and "any economies derived from severing the antitrust issues form the case at bar would be minimized by failing to also sever the issues of patent misuse.").[2] "Indeed, courts may realize economy and convenience in first trying the less complex patent issues." *Eurand*, 2009 WL 3172197, at *1 (granting motion to sever and stay patent misuse defense and antitrust counterclaim). All the relevant factors favor staying the patent misuse and antitrust issues until after trial on Intellectual Venture's patent claims.

### A.    A Stay Will Substantially Simplify The Issues For Trial.

Staying Toshiba's patent misuse defenses and antitrust counterclaims will substantially simplify the issues for trial for several reasons: (i) resolution of the patent claims will likely eliminate or at least simplify the patent misuse and antitrust issues; (ii) there is minimal evidentiary overlap between Intellectual Ventures' patent claims and Toshiba's patent misuse defenses and antitrust counterclaims; and (iii) resolution of the pending *Capital One* appeal will likely shed light on the sufficiency of Toshiba's pleadings and allegations. A stay is therefore appropriate here. *See, e.g., Masimo*, 2010 WL 1544423, at *2 ("[A] court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." (quoting *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976))).

---

[2] The relationship between Toshiba's patent misuse defenses and antitrust counterclaims is particularly evident here, as Toshiba expressly incorporated its antitrust counterclaim allegations into its patent misuse defense. (D.I. 43 at p. 19, ¶ 14.)

      **1.**      **A Trial On Intellectual Ventures' Patent Claims Will Potentially Eliminate Or Simplify Toshiba's Patent Misuse And Antitrust Claims And Defenses.**

Resolution of Intellectual Ventures' patent claims will potentially eliminate or, at a minimum, simplify Toshiba's patent misuse defenses and antitrust counterclaims. For example, "[a] trial will determine, at the very least, the validity and scope of [Plaintiff's] asserted patents, and the scope of [Plaintiff's] patent protection may affect its liability under antitrust laws." *Masimo*, 2010 WL 925864, at *2. This is particularly evident here from the nature of Toshiba's allegations, such as the following:

- "The patents at issue in this case are all invalid, not infringed or otherwise of such low quality that no one would rationally assert them on a stand-alone basis." (D.I. 43 at p. 25.)

- "Intellectual Ventures' demands are vastly in excess of the combined value of the inventive contribution of the patents that make up the portfolio." (D.I. 43 at p. 32, ¶ 27.)

- "Intellectual Ventures brought this action not in pursuit of a good-faith determination of its legal rights to the 10 patents at issue, but as a means to impose costs and uncertainty on Toshiba." (D.I. 43 at p. 34, ¶ 33.)

- "Intellectual Ventures does not expect to win any one patent-infringement claims, given the poor quality of its patents." (D.I. 43 at p. 43, ¶ 61.)

- "Intellectual Ventures' strategy of litigating regardless of merit is irrational as to each individual lawsuit, but is rational in pursuit of Intellectual Ventures' overall anticompetitive hold-up strategy." (D.I. 43 at p. 44, ¶ 62.)

All these allegations presume that Intellectual Ventures' patent claims have no merit, and thus depend in large part upon the ultimate resolution of these patent claims.

Further, with respect to patent misuse, this is "an affirmative defense to an accusation of patent infringement, the successful assertion of which 'requires that the alleged infringer show that the patentee has impermissibly broadened the 'physical or temporal scope' of the patent grant with anticompetitive effect.'" *Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 868

(Fed. Cir. 1997) (citation omitted). Accordingly, because patent misuse is simply a defense to an assertion of infringement, the defense will only need to be addressed for those patents on which Intellectual Ventures ultimately prevails. Thus, if this case is narrowed in any way (or Toshiba is able to prevail on infringement or validity with respect to any of the patents), the scope of the patent misuse issues will be narrowed. *See Princo Corp. v. Int'l Trade Comm'n*, 616 F.3d 1318, 1329 (Fed. Cir. 2010) (the defense of patent misuse applies "only where there had been a misuse of the patent in suit") (citation omitted)).

Accordingly, judicial economy would be best served by staying Toshiba's patent misuse defenses and antitrust counterclaims until after resolution of the patent claims. *See, e.g., Apotex*, 921 F. Supp. 2d at 314 ("The court has stayed antitrust litigation where there was a possibility that the resolution of underlying patent claims could moot, narrow, or otherwise simplify the antitrust claims."); *Masimo*, 2010 WL 925864, at *3 ("It follows that discovery on such claims should be stayed."); *Eurand*, 2009 WL 3172197, at *2 ("With respect to conserving judicial economy, defendants' antitrust and patent misuse claims may be rendered moot by resolution of the patent infringement issues.").

### 2. There Is Minimal Evidentiary Overlap With Toshiba's Antitrust Claims And Defenses.

"Further militating toward bifurcation of these issues is the distinct lack of evidentiary overlap between issues of patent validity and infringement and issues of patent misuse and antitrust." *Eurand*, 2009 WL 3172197, at *2. "An antitrust action requires proof of elements such as antitrust injury and market power. A patent misuse claimant must establish the patentee's bad faith and anticompetitive purpose. This evidence is largely, if not totally, irrelevant to discerning the existence of patent infringement or validity. Allowing defendants to introduce such evidence will serve only to distract the jury from the complicated, primary, and potentially dispositive

6

issue of patent infringement." *Id*. Moreover, given the scope of Toshiba's assertions, "'[t]here is a strong likelihood that consideration of the patent … issues will be delayed significantly if tried together with the antitrust issues. Major antitrust litigation is often enormously time-consuming." *Masimo*, 2010 WL 925864, at \*2 (quoting *Akzona, Inc. v. E.I. Du Pont de Nemours & Co.*, 607 F. Supp. 227, 236 (D. Del. 1984)). And Toshiba's "allegations of monopolization could bias the jury when it evaluates [Plaintiff's] patent claims." *Masimo*, 2010 WL 925864, at \*2.

**3.      Resolution Of The Pending *Capital One* Appeal Will Potentially Eliminate Or Simplify Toshiba's Patent Misuse Defenses and Antitrust Counterclaims.**

Finally, resolution of the pending Federal Circuit appeal captioned *Intellectual Ventures I LLC v. Capital One Financial Corp.*, Appeal Nos. 14-1506, 14-1515 ("the *Capital One* appeal") will likely simplify or eliminate the patent misuse and antitrust issues here. In that case, the United States District Court for the Eastern District of Virginia dismissed very similar patent misuse defenses and antitrust counterclaims—raised by the same law firm (Latham & Watkins) that appeared with the filing of the assertions at issue here—for failure to allege sufficient facts to plausibly set forth a claim or defense. (Ex. A.) Capital One is challenging the propriety of the district court's dismissal as part of its cross appeal in that case, and already filed its principal brief on October 14, 2014. *See* Federal Circuit Appeal No. 14-1515. The *Capital One* appeal should thus be complete before the scheduled trial in this action, and will likely shed light on the sufficiency of Toshiba's similar allegations here. This is yet another reason to stay the patent misuse and antitrust issues. *Cf. Apotex*, 921 F. Supp. 2d at 315 (taking into account that the resolution of an appeal in a different case between the parties "could also shed light on the antitrust allegations" in connection with granting a motion to stay).

**B.**    **A Stay Will Not Prejudice Toshiba Or Give Intellectual Ventures Any Tactical Advantage.**

Staying the antitrust counterclaims and patent misuse defenses will not prejudice Toshiba or give Intellectual Ventures any tactical advantage. Indeed, as discussed above, the very nature of Toshiba's allegations necessitate addressing the issues of patent infringement, validity, and damages first. *See, e.g.*, D.I. 43 at 25 (alleging that "[t]he patents at issue in this case are all invalid, not infringed or otherwise of such low quality that no one would rationally assert them on a stand-alone basis."). And Intellectual Ventures has been trying to negotiate a license with Toshiba for over four years (D.I. 1 at ¶¶ 30, 40, 50, 60, 70, 80, 90, 110). If Toshiba wanted an early resolution of its antitrust claims, it could have raised them years ago. Yet Toshiba chose not to raise these issues until just a few weeks ago—through amended pleadings filed more than 18 months after this litigation began. This is very similar to the situation in *Masimo*, where this Court found that an assertion of prejudice "rings somewhat hollow":

> Finally, there is little indication that bifurcation will substantially prejudice Philips. Masimo correctly asserts that Philips could have brought its antitrust counterclaims years ago, yet instead waited until this litigation. Thus, Philips' claim that it will be substantially prejudiced from bifurcation and any resulting delay in the trial of its antitrust counterclaims "rings somewhat hollow."

*Masimo*, 2010 WL 925864, at *2.

Likewise, Intellectual Ventures would not gain any tactical advantage from a stay. All parties share the same benefit from trying the patent issues first—narrowing, if not resolving, the patent misuse defenses and antitrust counterclaims. This will, at a minimum, focus the scope of discovery, resulting in significant time and monetary savings for both parties. And the relationship between the parties here further suggests that Intellectual Ventures would not gain any tactical advantage, because the parties are not direct competitors:

> The relationship between the various parties is often an important factor when determining whether any party would suffer undue prejudice from a stay. "Of particular importance is the fact that plaintiff does not develop or sell any products of its own and is not a competitor of defendants. Courts are generally reluctant to stay proceedings where the parties are direct competitors. Since the parties do not compete, this factor favors a stay."

*Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, Civ. No. 12-088-RGA, 2012 WL 2803695, at *2 n.3 (D. Del. July 10, 2012) (quoting *Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010)). Accordingly, this factor also favors a stay.

### C.    The Early Stage Of This Case Favors A Stay.

Finally, the stage of this case favors staying Toshiba's patent misuse and antitrust claims and defenses. The Court just entered the scheduling order on October 30, 2014, and there has been no discovery to date regarding Toshiba's patent misuse defenses or antitrust counterclaims. Further, Intellectual Ventures has not yet answered the counterclaims. This factor thus also favors a stay. *See, e.g., Apotex*, 921 F. Supp. 2d at 315 ("In addition, the procedural posture of the instant litigation also favors a stay; there has not yet been any discovery, scheduling conference, or filing of an answer.").

### CONCLUSION

For the foregoing reasons, Intellectual Ventures respectfully requests that this Court stay Toshiba's antitrust counterclaims and patent misuse affirmative defenses until after resolution of Intellectual Ventures' patent claims, at which time Intellectual Ventures will answer, move, or otherwise respond to Toshiba's amended pleadings.

Dated: November 3, 2014                     Respectfully submitted,

                                            FARNAN LLP

                                            /s/ Brian E. Farnan
                                            Brian E. Farnan (Bar No. 4089)
                                            919 North Market Street
                                            12th Floor
                                            Wilmington, DE 19801
                                            Telephone: 302-777-0300
                                            Facsimile: 302-777-0301
                                            bfarnan@farnanlaw.com

                                            John M. Desmarais (admitted *pro hac vice*)
                                            Jon T. Hohenthaner (admitted *pro hac vice*)
                                            Andrew G. Heinz (admitted *pro hac vice*)
                                            DESMARAIS LLP
                                            230 Park Avenue
                                            New York, NY 10169
                                            Telephone: 212-351-3400
                                            Facsimile: 212-351-3401
                                            jdesmarais@desmaraisllp.com
                                            jhohenthaner@desmaraisllp.com

                                            *Attorneys for Intellectual Ventures I LLC,*
                                            *Intellectual Ventures II, LLC, Intellectual*
                                            *Ventures Management, LLC, Invention*
                                            *Investment Fund I, L.P., and Invention*
                                            *Investment Fund II, LLC*