

DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Denise S. Kraft
denise.kraft@dlapiper.com
T  302.468.5645
F  302.778.7917

May 5, 2015
VIA ELECTRONIC FILING

The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street
Room 6100, Unit 14
Wilmington, DE 19801-3555

Re:   *Intellectual Ventures I LLC, et al., v. Toshiba Corporation, et al.,*
      *C.A. No. 13-cv-453-SLR*

Dear Judge Fallon:

Defendants Toshiba Corporation, Toshiba America Electronic Components, Inc., Toshiba America Information Systems, Inc. and Toshiba America, Inc. (collectively, "Toshiba") jointly submit this letter brief regarding Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC's (collectively, "IV") deficient infringement contentions. Toshiba respectfully requests that the Court order IV to supplement its infringement contentions or, in the alternative, order that IV be limited to its existing infringement theories in its April 2 infringement contentions for all products.

Pursuant to the Scheduling Order (D.I. # 55), for each of the ten asserted U.S. patents – Nos. 5,500,819 ("the '819 patent"), 5,568,431 ("the '431 patent"), 5,600,606 ("the '606 patent"), 5,687,132 ("the '132 patent"), 5,701,270 ("the '270 patent"), 5,829,016 ("the '016 patent"), 6,058,045 ("the '045 patent"),[1] 5,938,742 ("the '742 patent"), 7,836,371 ("the '371 patent") and 6,618,788 ("the '788 patent")(collectively, "the IV Patents-in-Suit") – IV was required to "produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes."  However, IV failed to meet the requirements of the Scheduling Order.  (*See* Ex. A, IV's infringement contentions.)

1.   **IV Did Not Relate Each Known Accused Product to the Asserted Claims Each Such Product Allegedly Infringes**

The Scheduling Order requires IV to "produce an initial claim chart relating <u>each</u> known accused product to the asserted claims <u>each</u> such product allegedly infringes" (emphasis added).  As such, IV was required to provide "a separate chart for each

---

[1] On May 4, 2015, the U.S.P.T.O issued its Final Written Decision on the *inter partes review* of the '045 patent, concluding that its only two asserted claims are unpatentable as anticipated.



The Honorable Sherry R. Fallon
May 5, 2015
Page Two

product that the plaintiffs are accusing of infringement for each patent" because "defendant is entitled to know with particularity what the plaintiffs' infringement contentions are, and there need be reference to specific documents as well." *Helios Software, LLC v. Spectorsoft Corp.*, C.A. No. 12-81-LPS, D.I. 160, at 27 (D. Del. Apr. 3, 2013).  As explained below, IV's charts fail to comply with this requirement.

**The '045, '819, '431, '606, '132, '270 and '016 patents:** IV's chart for the '045 patent (Ex. A, IV's Exhibit 12) refers <u>only</u> to Toshiba's 56nm 16Gb MLC NAND Flash product and makes no reference to <u>any</u> other Toshiba product.  Yet IV's cover pleading states that "[t]he accused NAND flash memory products, which Intellectual Ventures identifies for the basis of its infringement contentions" are identified in IV's Exhibit 1, which also lists 2,261 additional products or part numbers.  IV provides no chart for any of these other products, and IV provides no explanation why the 56nm 16Gb MLC NAND Flash is exemplary of *any* other product.  IV's failure to provide this explanation is particularly egregious given that Toshiba notified IV on February 13 that Toshiba was making available for inspection circuit schematics for 19 circuit designs for NAND flash.  Consequently, at a minimum, IV had an obligation to either (a) provide 19 charts reflecting its contentions for those 19 circuit designs for NAND flash or (b) explain how its chart for the 56nm 16Gb MLC NAND was representative of the other 18 circuit designs.  However, IV did neither and, in fact, never even inspected the NAND circuit schematics (which have been available to IV since February 13).  As such, IV has not complied with the Scheduling Order's requirement.

Similarly, IV's infringement charts for the '819, '431, '606, '132, '270 and '016 patents (IV's Exhibits 5-10) also each refer to a single Toshiba product in the chart.  While each attachment to Exhibits 5-10 includes certain citations for 98 additional products, in its cover pleading, IV points to its Exhibit 1 for a list of NAND accused products, which includes over 2,250 products or part numbers.  Thus, for approximately 2,000 products or part numbers, IV has failed to "relate each known product to the asserted claims each such product allegedly infringes" as required.  Moreover, to establish some elements or parts of elements, IV relies solely on excerpts from a testing or teardown third-party report to satisfy part of an element of a claim. Because those teardown third-party reports apply to just one type of product, IV has not explained how this third-party report is exemplary of any other product, and thus IV has not related the other products to the asserted claims.

In an attempt to excuse its failure to comply with the Scheduling Order's requirements, IV asserts (incorrectly) that Toshiba "refused to produce relevant core technical documents for most of the accused NAND flash memory products."  On the contrary, as Toshiba notified IV on February 13, and then again on March 11, Toshiba produced for inspection circuit schematics for 19 circuit designs for over 1,250 Toshiba NAND



The Honorable Sherry R. Fallon
May 5, 2015
Page Three

products identified in a sales spreadsheet (TAEC-IV0015081 - TAEC-IV0015110), and Toshiba also provided IV with a key to match the products with the circuit design.  Yet, in the almost 7 weeks between Toshiba's production of its circuit schematics and IV's service of its infringement contentions, IV did not review the 19 circuit schematics and made no attempt to do so.  As such, IV has no excuse for its failure to chart the 1,250 Toshiba NAND products.  Accordingly, the Court should order IV to comply with the Scheduling Order and immediately supplement its infringement contentions for the '045, '819, '431, '606, '132, '270 and '016 patents by relating <u>each</u> known accused product to the asserted claims <u>each</u> such product allegedly infringes.  Alternatively, if IV fails or refuses to do so immediately, IV should be limited going forward to its existing infringement contentions and to the specific products for which it provided claim charts.

<u>**'371 Patent:**</u>  IV's infringement chart for the '371 patent (Ex. A, IV's Exhibit 14) refers to only the Toshiba TMPM36BF10FG product and applies to the ARM Cortex M3.  Attachment A to IV's Exhibit 14 provides certain citations for 27 additional products.  Yet IV's cover pleading states that "[t]he accused ETM products, which Intellectual Ventures identifies as the basis for its infringement allegations regarding U.S. Patent No. 7,836,371, are listed in Exhibit 4," and Exhibit 4 identifies over 150 products.  Thus, IV has provided no identification as to how approximately 120 products identified in Exhibit 4 infringe each asserted claim of the '371 patent.  In this regard, many of the products identified in Exhibit 4 do not contain an ARM Cortex M3; thus, IV has provided no basis as to why those products allegedly infringe the '371 patent.  As such, the Court should either order IV to supplement its infringement contentions for the '371 patent by relating <u>each</u> known accused product to the asserted claims <u>each</u> such product allegedly infringes, or alternatively, be limited to the existing contentions.

2. **IV Has Not Provided Any Charts as to Their Indirect Infringement or Doctrine of Equivalents Claims**

In each chart for the IV Patents-in-Suit, IV states: "Toshiba infringes various claims of [patent number], directly ***and/or indirectly***, literally ***and/or under the doctrine of equivalents***,. . ." (emphasis added).  However, IV has provided no explanation or any detail regarding its indirect infringement claims or doctrine of equivalents allegations.  The Court should order IV to supplement its infringement contentions to state its indirect infringement allegations and how each product allegedly indirectly infringes or infringes under the doctrine of equivalents.

3. **Exemplary Deficiencies in IV's Infringement Contentions**

In addition to the deficiencies identified above, IV has failed to identify certain elements of the asserted claims of the IV Patents-in-Suit even as to the products for which claim charts were provided.  While not every deficiency in IV's infringement contentions is



The Honorable Sherry R. Fallon
May 5, 2015
Page Four

addressed, below we identify exemplary patent-specific deficiencies. These deficiencies are important as they fail to put Toshiba on notice of how IV claims that Toshiba allegedly infringes the IV Patents-in-Suit.

- **'270 patent contentions (Exhibit 9)**: IV fails to identify in the accused product the required "processing circuitry," "first and second banks of memory," and "redundancy cell memory space separate from said primary cell memory space" of claim 1. IV similarly fails to identify what in the accused product constitutes the "first selected one of said banks" and the "second selected one of said banks" of claim 20.

- **'016 patent contentions (Exhibit 10)**: IV's chart fails to identify in the accused product the claimed "control bits" of Claims 1 and 3 of the '016 patent.

- **'788 patent contentions (Exhibit 13)**: Claims 10 and 24 require an "ATA device attached to the bridge via an ATA interface." However, IV's chart fails to identify how the "bridge" is attached to an ATA device in the accused product, nor does it point to an actual "ATA interface."

- **'371 patent contentions (Exhibit 14):** Claim 7 requires a "system bus;" however, IV has failed to identify a "system bus" in the accused product.

4. **IV Refused to Respond to Toshiba's Meet and Confer Efforts**

On April 20, Toshiba asked IV to supplement its deficient infringement contentions. On April 24, after prompting from Toshiba, IV stated it was still considering the issue and would respond the following week. Having received no response on April 29, Toshiba asked to meet and confer telephonically on April 30. IV did not respond. As of the time of filing, IV has not provided any substantive response to Toshiba's April 20 letter.

5. **Conclusion**

For the reasons explained above, Toshiba respectfully requests that the Court order IV to supplement its infringement contentions to address the deficiencies identified in this letter. In the alternative, Toshiba requests that IV be held to its infringement theories.

Regards,

**DLA Piper LLP (US)**

 */s/ Denise S. Kraft*

Denise Kraft (DE I.D. No. 2778)
Partner