IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 13-453-SLR-SRF |
| TOSHIBA CORPORATION, TOSHIBA AMERICA, INC., TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC., and TOSHIBA AMERCICA INFORMATION SYESTMS, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the court in this patent infringement action are the following motions: (1) a motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), filed by plaintiffs Intellectual Ventures I, LLC and Intellectual Ventures II, LLC (collectively, "plaintiffs" or "Intellectual Ventures") (D.I. 116); and (2) a motion for leave to amend the answers, defenses, and counterclaims pursuant to Federal Rule of Civil Procedure 15(a)(2), filed by defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc. (collectively, "defendants" or "Toshiba") (D.I. 115). For the following reasons, the court will grant plaintiffs' motion for leave to file an amended complaint. Defendants' motion for leave to file an amended answer is denied as moot. Defendants shall file a responsive pleading to the amended complaint as permitted by Fed. R. Civ. P. 15(a)(3).

## II. BACKGROUND

On March 20, 2013, plaintiffs filed suit in this district against defendants alleging infringement of ten patents: U.S. Patent Nos. 5,500,819 ("the '819 patent"), 5,568,431 ("the '431 patent"), 5,600,606 ("the '606 patent"), 5,687,132 ("the '132 patent"),[1] 5,701,270 ("the '270 patent"), 5,829,016 ("the '016 patent"), 6,058,045 ("the '045 patent"),[2] 5,938,742 ("the '742 patent"), 7,836,371 ("the '371 patent"), and 6,618,788 ("the '788 patent") (collectively, the "patents-in-suit"). (D.I. 1) On September 3, 2014, the court dismissed plaintiffs' allegations of willful infringement, ruling that the notice allegations in the original complaint were "general allegation[s] about 'discussions' or 'a presentation' . . . insufficient to withstand a motion to dismiss." (D.I. 33 at 9; D.I. 34) Pursuant to the scheduling order, the deadline to amend pleadings passed on April 24, 2015. (D.I. 55) The motions presently pending before the court were filed on or before the deadline for amended pleadings set forth in the scheduling order. Fact discovery is scheduled to close on February 19, 2016. (*Id.*)

## III. LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence

---

[1] The parties stipulated to dismiss the '132 patent, and the court granted the stipulation on July 13, 2015. (D.I. 175) Therefore, the '132 patent is no longer at issue in the case.

[2] The parties stipulated to dismiss the '045 patent, and the court granted the stipulation on July 2, 2015. (D.I. 171) Therefore, the '045 patent is no longer at issue in the case.

2

of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

## IV. ANALYSIS

### A. Motion to Amend the Complaint

#### 1. Undue Delay and Prejudice

The court does not find that plaintiff's proposed amended complaint would cause undue delay or prejudice. First, plaintiffs' motion for leave to amend was filed within the deadline set forth in the scheduling order for amending pleadings, which generally precludes a finding of undue delay. *See Invensas Corp. v. Renesas Elecs. Corp.*, C.A. No. 11-448-GMS-CJB, 2013 WL 1776112, at *3 (D. Del. Apr. 24, 2013) (granting plaintiff's motion to amend and finding no undue delay when plaintiffs filed on the last day set by the scheduling order for the filing of amendments to pleadings); *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, C.A. No. 11-54-SLR, 2012 WL 2365905, at *2 (D. Del. June 21, 2012) (holding that a motion to amend filed on the deadline for amended pleadings was "filed timely and, therefore, there can be no unfair prejudice to defendant"). Second, the case is still in its early stages, and fact discovery is not scheduled to close until February 19, 2016. Finally, the original complaint contained allegations of willfulness, and defendants have been aware of those claims since the onset of the case. (D.I. 34; D.I. 55)

Plaintiffs' purported failure to explain the eight-month delay between dismissal of the willfulness claims from the original complaint and the filing of the proposed amended claims is insufficient to deny leave to amend under the facts of the present case. "The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay."

3

*Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Moreover, defendants do not claim that they will be prejudiced by the proposed amendment, let alone "show that [they were] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which [they] would have offered had the . . . amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (internal quotations omitted); *see also LifePort Scis. LLC v. Endologix Inc.*, C.A. No. 12-1791-GMS, D.I. 105 at (D. Del. July 29, 2015) ("Even assuming the plaintiff is correct that the defendant *could* have filed its motion sooner, the court cannot say the delay was undue . . . when this was explicitly contemplated as a possibility."); *NHB Assignments LLC v. Gen. Atl. LLC*, C.A. No. 12-1020-SLR, 2013 WL 4630022, at *3 (D. Del. Aug. 29, 2013).

The cases relied upon by defendants are distinguishable because the motions to amend in the cited cases were filed after the close of discovery. *See USX Corp. v. Barnhart*, 395 F.3d 161, 167-68 (3d Cir. 2004) (three year delay before proposed amendment filed); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (nearly two year delay before leave to amend was filed); *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 621 (D. Del. 2014) (motion to amend was not filed until after the close of fact discovery); *Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.*, 93 F.R.D. 858, 863 (D. Del. 1982) (proposed amendment had not been pleaded in the original or first amended pleading, and almost three years had passed since commencement of the action).

### 2. Futility

An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006). The standard for assessing futility of

4

amendment under Rule 15(a) is the same standard of legal sufficiency applicable under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Specifically, the amended pleading must fail to state a claim upon which relief could be granted even after the district court "take[s] all pleaded allegations as true and view[s] them in a light most favorable to the plaintiff." *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007); *see also Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010).

In the present matter, plaintiffs seek leave to amend the complaint to add causes of action for willful infringement. The Federal Circuit has set forth a two-pronged standard for establishing willful infringement, an objective prong and a subjective prong. With respect to the former, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (internal citations omitted). If the objective prong is satisfied, the patentee must next establish that "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.* This subjective prong hinges on the fact finder's assessments of the credibility of witnesses. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011). "The drawing of inferences, particularly in respect of an intent-implicating question such as willfulness, is peculiarly within the province of the fact finder that observed the witnesses." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006) (citation omitted).

At the pleading stage, a plaintiff alleging a cause of action for willful infringement must "plead facts giving rise to at least a showing of objective recklessness of the infringement risk."

5

*St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett–Packard Co.*, C.A. No. 10-425-LPS, 2012 WL 1134318, at *2–3 (D. Del. Mar. 28, 2012). "Actual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement," but the complaint must adequately allege "factual circumstances in which the patents-in-suit [a]re called to the attention" of the defendants. *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012).

The parties agree that plaintiffs' proposed amendments for the '819, '606, '270, and '788 patents provide sufficient details to show that the patents-in-suit were called to defendants' attention.[3] (D.I. 137 at 6) Instead, defendants allege that the amended complaint fails to sufficiently plead the objective recklessness prong of the willfulness inquiry because there is no allegation in the amended complaint of "deliberate infringement," or that the risks of infringement were either known or so obvious that they should have been known. (*Id.*)

In dismissing the willfulness contentions in the original complaint, the court was not satisfied with the general manner that plaintiffs, who own hundreds of patents, had averred to non-specific "discussions" and "presentations" to establish knowledge of defendants' infringement. *Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 500 (D. Del. 2014). Moreover, the court concluded that willfulness could not rest on a letter written to defendants only one day before the complaint was filed. *Id.*

The amended complaint sufficiently pleads the objective recklessness prong with respect to the patents-in-suit. The amended complaint contains allegations that defendants disregarded the risk of infringement by continuing to disseminate the allegedly infringing products after

---

[3]The parties dispute the sufficiency of the allegations regarding knowledge of the '371 patent, which is discussed, *infra*, in greater detail.

6

receiving notice of the patents,[4] which is sufficient to establish an inference that defendants knew or should have known that the conduct would likely infringe a patent. *See Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 477 (D. Del. 2012) (inferring from the amended complaint that defendant knew or should have known that its conduct would likely infringe a valid patent, and declining to require more detail with respect to willful infringement claim than is required by Form 18). Specifically, the amended complaint sets forth the following allegations:

| PATENT-IN-SUIT | DETAILS IN AMENDED COMPLAINT |
|---|---|
| '819 patent | • Informed of patent on 9/7/10<br>• Claim chart on 6/9/11<br>• Presentation on claim chart on 6/30/11<br>• Infringement notice letter 3/19/13<br>• Complaint served 3/20/13<br>• First set of interrogatories on Toshiba 11/14/14<br>• Infringement contentions 4/2/15 |
| '606 patent | • Informed of patent on 9/7/10<br>• Claim chart on 6/9/11<br>• Presentation on claim chart on 6/30/11<br>• Infringement notice letter 3/19/13<br>• Complaint served 3/20/13<br>• First set of interrogatories on Toshiba 11/14/14<br>• Infringement contentions 4/2/15 |
| '270 patent | • Informed of patent on 9/7/10<br>• Presentation on claims in comparison to accused products on 12/21/10<br>• Infringement notice letter 3/19/13<br>• Complaint served 3/20/13<br>• First set of interrogatories on Toshiba 11/14/14<br>• Infringement contentions 4/2/15 |
| '788 patent | • Presentation on claim chart on 11/14/12<br>• Infringement notice letter 3/19/13<br>• Complaint served 3/20/13<br>• First set of interrogatories on Toshiba 11/14/14<br>• Infringement contentions 4/2/15 |

---

[4] (D.I. 116, Ex. 1 at ¶¶ 28-29, 31-32, 48-49, 51-52, 68-69, 71-72, 108-09, 111-12, 118-19, 121-22)

(D.I. 116, Ex. 1) Therefore, plaintiffs' proposed amendment with respect to the '819 patent, the '606 patent, and the '270 patent is granted. The court will next turn to defendants' specific concerns regarding the sufficiency of the amended pleading as it pertains to the '371 patent and the '788 patent.

With respect to the '371 patent, defendants contend that the allegations in the amended complaint are insufficient because plaintiffs failed to remedy the deficiencies in the original complaint by providing more than general allegations regarding discussions and presentations. (D.I. 137 at 6) However, the proposed amended complaint contains sufficiently more detail than the original complaint regarding defendants' notice of the '371 patent. (D.I. 116, Ex. 2 at ¶ 110) Specifically, the amended complaint alleges that plaintiffs "informed [defendants] of the '371 patent on or about September 7, 2010," "provided [defendants] with a presentation discussing the '371 patent and [defendants'] system-on-chip (SoC) products as an attachment to an email" on June 30, 2011, "presented the presentation to [defendants] at a meeting in Tokyo on June 30, 2011," and notes that defendants have "not identified any bases for [their] assertions of noninfringement" in response to plaintiffs' interrogatories. (*Id.*) The contentions in the amended complaint are similar to the facts set forth in *Walker Digital, LLC v. Facebook, Inc.* because plaintiffs discussed the '371 patent in the context of defendants' accused system-on-chip products. 852 F. Supp. 2d 559, 568 (D. Del. 2012). These allegations are sufficiently specific to warrant granting the motion to amend as it pertains to the '371 patent.

Likewise, plaintiffs' proposed amendment to add a cause of action for willful infringement of the '788 patent is not futile. In the proposed amended pleading, plaintiffs allege "Intellectual Ventures II is the exclusive owner of all rights, titles, and interest in the . . . . '788

8

patent, and has the right to bring this suit to recover damages for any current or past infringement" of the '788 patent. (D.I. 116, Ex. 1 at ¶ 25) At this stage of the litigation, the court must "take all pleaded allegations as true and view[s] them in a light most favorable to the plaintiff." *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007). Accordingly, defendants' contention that plaintiffs did not own the patent at the time of the presentation is insufficient to warrant denial of the motion to amend at this stage of the proceedings. In addition, ownership of the patent would not seem to factor into an analysis that is concentrated on whether defendants knew or should have known of the risk of infringement of the patent. Defendants' contentions regarding ownership of the patent involve factual inquiries to be resolved following discovery. *See Vink v. Hendrikus Johannes Schijf Rolkan N.V.*, 839 F.2d 676, 678 (Fed. Cir. 1988).

### B. Motion to Amend the Answer, Defenses, and Counterclaims

Based on the foregoing analysis, defendants' motion for leave to amend the answer, affirmative defenses, and counterclaims is denied as moot. Defendants will have the opportunity to file their pleading in response to the amended complaint.

### V. CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to amend (D.I.116) is granted. Defendants' motion for leave to amend their answers, defenses, and counterclaims (D.I. 115) is denied as moot. An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: August 17, 2015

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE