IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, et al., | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 13-453-SLR |
| | ) |
| TOSHIBA CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 7th day of September, 2016, having reviewed defendants'

motion for leave to amend their amended answers, defenses and counterclaims, and

the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 405) is granted, for the reasons that

follow:

1. **Background.** The complaint in this case was filed in March 2013.

Consistent with the original scheduling order approved by the court, all motions to join

other parties and/or to amend pleadings were required to be filed on or before April 24,

2015, a date that was never revised during the course of these proceedings. (D.I. 55)

According to the last revised scheduling order submitted by the parties and approved by

the court, fact discovery was to close on or before March 11, 2016, with expert

discovery to close on or before July 1, 2016. (D.I. 330) On June 15, 2016, defendants

filed the instant motion to amend to include a defense of improper inventorship with

respect to U.S. Patent No. 5,938,742 ("the '742 patent"), based on "conclusive information recently obtained during the June 1, 2016 deposition of third party Stephen Perlman." (D.I. 406 at 1)

2. The '742 patent stems from work and technology developed at plaintiffs' predecessor-in-interest General Magic, Inc., which filed patent application no. 08/516,857 ("the '857 application") on August 18, 1995, naming two inventors - Anthony M. Fadell and Walter F. Broedner. At the same time, General Magic filed four other related patent applications claiming other aspects of its technology. Two of those applications identified Mr. Perlman in addition to Mr. Fadell and Mr. Broedner as inventors. (See '742 patent, col. 63:25-40) The claims of the '857 application issued as the '742 patent on August 17, 1999, naming Messrs. Fadell and Broedner as inventors. Previously, U.S. Patent No. 5,675,811 ("the '811 patent") - a patent not asserted in this case - issued from one of the applications filed contemporaneously with the '742 patent, listing Mr. Perlman, among others, as an inventor. (D.I. 408, ex. 7) Plaintiffs contend that all of the named inventors assigned their rights to the disclosed inventions to General Magic. (*Id.*; D.I. 1, ex. H) In 2003, Intellectual Ventures purchased all of General Magic's assets, including the right, title, and interest to General Magic's patent portfolio. (D.I. 415, ex. 2 )

3. **Standard of review.** A court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[T]he good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *Roquette Frères v. SPI Pharma, Inc.*, 2009 WL 1444835, at *4 (D. Del. May 21, 2009). Only after having found the requisite showing of good cause

2

will the court consider whether the proposed amended pleading meets the standard
under Fed. R. Civ. P. 15. *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340
(3d Cir. 2000). Pursuant to Rule 15, courts deny leave to amend for reasons of undue
delay, bad faith on the part of the moving party, undue prejudice to the non-moving
party, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A party's
delay in seeking an amended pleading is "undue" when it places an unwarranted
burden on the court or when it comes after previous opportunities to amend. *See
Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). A proposed motion
to amend is prejudicial when "allowing the amended pleading would (1) require the non-
moving party to expend significant additional resources to conduct discovery and
prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent [a
party] from bringing a timely action in another jurisdiction." *Long v. Wilson*, 393 F.3d
390, 400 (3d Cir. 2004). A proposed motion to amend the pleadings is futile if the
complaint as amended is frivolous, advances a claim that is legally insufficient on its
face, or fails to state a claim upon which relief can be granted. *Koken v. GPC Int'l, Inc.*,
443 F. Supp. 2d 631, 634 (D. Del. 2006). "The decision to grant a motion for leave to
amend is within the sound discretion of the District Court," "taking all pleaded
allegations as true and viewing them in a light most favorable to the plaintiff." *Winer
Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007).

4. "[T]he inventors as named in an issued patent are presumed to be correct."
*Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1358 (Fed. Cir. 2004) (internal
quotation omitted). To rebut that presumption, a party alleging improper inventorship

3

must demonstrate improper inventorship by "clear and convincing" evidence. *Id.* "The clear and convincing burden of proof is applied to joint inventorship disputes because of a 'strong temptation for persons who consulted with the inventor and provided him with materials and advice, to reconstruct, so as to further their own position, the extent of their contribution to the conception of the invention.'" *Id.* at 1366-67 (citation omitted). An alleged co-inventor's oral testimony alone cannot rise to the level of clear and convincing evidence. *Caterpillar Inc. v. Sturman Indus., Inc.*, 387 F.3d 1358, 1377 (Fed. Cir. 2004). Accordingly, oral testimony must be corroborated by other evidence. *Lacks Indus., Inc. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1350 (Fed. Cir. 2003). In order to be added as a joint inventor, said individual must prove, by clear and convincing evidence, that his contribution to the invention in question was "not insignificant in quality, when that contribution is measured against the dimension of the full invention." *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997).

5. Even if a party demonstrates misjoinder of an inventor by clear and convincing evidence, the court can correct the patent under 35 U.S.C. § 256, which provides in relevant part that

[t]he error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

35 U.S.C. § 256(b). Although § 256 does not limit the time during which inventorship can be corrected, the defenses of laches and estoppel have been applied in § 256 actions based on the principle that "equity disfavors undue and prejudicial delay by a

4

person who may have an interest in the property of another." *Stark v. Advanced Magnetics, Inc.*, 29 F.3d 1570, 1573 (Fed. Cir. 1994).

6. **Analysis.** Defendants bring this motion to invalidate the '742 patent, not to correct inventorship on behalf of Mr. Perlman. (D.I. 407, ex. H at 27)  The motion comes 17 years after the '742 patent issued, and more than one year after the court-ordered deadline for amending pleadings.  Trial is scheduled to commence January 17, 2017.  Despite reference to the '811 patent (in which Mr. Perlman was named as an inventor) in the '742 patent, defendants contend that Mr. Perlman's purported inventorship could not have been discovered earlier than his June 2016 deposition, which testimony is corroborated by "documentary evidence, circumstantial evidence, and testimony from an independent witness." (D.I. 418 at 3)

7. Because the court is not prepared at this juncture to evaluate the quality or quantity of evidence defendants cite in their papers, and because the court recognizes the importance of proper inventorship, the motion to amend shall be granted.  However, the court also recognizes the extraordinary delay between issuance of the '742 patent and the assertion of improper inventorship, as well as the fact that, in most instances, the remedy for improper inventorship is a certificate of correction, not invalidation. Therefore, under the extraordinary circumstances of this case, the court will bifurcate the newly-added defense to allow for additional discovery and a separate motion practice and trial, which schedule can be discussed at the September 30, 2016 oral

argument.

United States District Judge